PAUL H. GUGGER, Respondent, v. NATHANIEL PHILLIPS et al., as Executors of SAMUEL McCRUDDEN, Deceased, et al., Appellants.— In an action to recover damages for alleged misrepresentation and fraud in the sale of a yacht to plaintiff, defendants appeal from so much of an order, made on plaintiff's motion, as granted the examination of defendants by one not a party to the action, said examination having been sought on the grounds that said individual was an agent of defendants in said transaction and that special circumstances existed which warranted his examination, apparently as a hostile witness. Order, insofar as appealed from, modified by striking therefrom the third and fourth ordering paragraphs and the direction for the examination of "John" Desories as a witness. As so modified, said order is affirmed, without costs. Defendants also appeal from so much of an order, made on their motion, as directs that plaintiff submit to examination before trial ten days after the examination of the aforesaid individual shall have been completed, and from so much of said order as directs that discovery and inspection of said yacht may be had in the State of Florida, without requiring plaintiff to pay the expenses of defendants in said discovery and inspection. Order, insofar as appealed from, modified by striking from the second ordering paragraph the words "and the witness Desories" and by adding at the end of the last or fifth decretal paragraph, the words "Or in lieu thereof, at defendants' option, in Nassau or Queens County, in the month of June, 1954, at a berth and hour and date to be fixed by defendants by service of a notice on the plaintiff's attorney ten days prior to the date fixed for its inspection." As so modified, said order is affirmed, without costs. There was no special circumstance shown which warranted the examination before trial of Desories as a witness on the theory that he was the agent of defendants. Such examination should await the examination of the defendants as to his agency. (*Semple* v. *Harris,* 266 App. Div. 873.) The

order permitting an inspection should have provided for an inspection in New York on the return of the boat from Florida in the event the defendants did not desire to inspect it in Florida at their own expense. Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ., concur.